Before we get going, I wonder if I could ask the appellees if they would confer and let us know when it's your turn how you're going to divvy up your time. We've got a guy that looks just like you yesterday. Thank you, Your Honor. Kevin Lafkey again, this time on behalf of plaintiff Scott Cannon, Philip Scott Cannon, who goes by Scott. May it please the court, I'd like to reserve two minutes for rebuttal, please. This court should reverse the district court on the legal issues on de novo review. I'll start with the statute of ultimate repose. One of the mistakes in the defendant's briefing on the statute of ultimate repose is that this matter was not squarely before the district court for its decision. And we know, in fact, that that's not correct. It is true that in plaintiff's multiple submissions to the district court on the issue of the statute of ultimate repose, plaintiff argued that the causes of action would arise at the earliest. That phrase was used in every briefing at the earliest when the jury rendered its verdict. But the district court understood the issues about when a 1983 cause of action arises, and we know that when we look at ER-5. This is the district court's first order on the Rule 12b-6 motions. Because right there on ER-5 in the third line. Are you suggesting that ER-5 clearly suggests to me that you're making an argument as to the 1983 claims? Yes, Judge, I think it should, and I'll tell you why. As you see there on line three, the district court has cited to Wallace v. Cato. And Wallace is a case that really hasn't been talked about much in either side's briefings. And frankly, I need to bring this to your attention, it's not all good for plaintiff, at least on the Fourth Amendment claims that plaintiff has. But Wallace v. Cato talks at length about applying the doctrine of Heck v. Humphrey and when a cause of action accrues under Section 1983 under the Fourth Amendment. And certainly to the extent that plaintiff raised multiple claims under the Fourteenth Amendment via Section 1983. The district court, by its citation to Wallace, you know that that issue was something that the district court was well aware of by that citation. So even if we could suggest that you didn't raise it, the district court addressed it so it's no foul and you can argue it here. Is that what you're arguing? I think that's part of it also, Judge, as we point out. I mean, I looked it all through your stuff to find out when you made the argument or where you made it, and I didn't really find it. The only time I found anything that might even come close, you've now cited. Yes, and it is true that the fault lines in the district court seem to be between when the case went to trial versus when the verdict was returned. And obviously by repeating the phrase throughout the briefing, I think I've seen that three times in plaintiffs' various briefings in the trial court, was at the earliest on February 28. If I look at Wallace v. Cato, can I adequately say then that the only claim which might really have been barred was the wrongful conviction? Because if I look at Wallace v. Cato, it seems to say that the suit for wrongful arrest filed after the conviction did not get any HECBAR relief. And then I look at this and I say to myself, well, the wrongful conviction is the only one really that isn't known at that point. All the rest have been taken care of. There's a couple of points to that. One is certainly the conviction, the jury's verdict, and then the subsequent entry of the judgment of conviction triggers a multitude of potential claims. Most of those— Why? Is there any more claim than just the wrongful conviction itself? That seems to me what Wallace says, though I'm not sure Wallace really is on point here, because Wallace talked about a statute of limitations. But I'm trying to get you right on point. Even if I buy your stuff, it seems to me you lose everything except a wrongful conviction. Well, first of all, it's important when you think about this issue to remember that there are multiple allegations in the First Amendment complaint about defendants' acts that occurred after the conviction. So let's remember that, because concealing the destruction of evidence, losing video from the crime scene, concealing the absence of the destruction and loss of the video, delaying the judicial process, failing to disclose the loss of evidence, attempting to get plaintiff to waive his civil rights, the repetitive allegations about loss and destruction of evidence that was concealed for years from plaintiff, those are all allegations, of course, that occurred after the conviction was obtained. But going back to the statute of ultimate repose for a moment, I don't know if Wallace is exactly on point as to plaintiff's Fourth Amendment claims or not, but certainly Wallace has a robust discussion of heck, and we know from heck that those claims don't arise until there's a conviction. And more importantly, for the purposes of the statute of ultimate repose, plaintiff simply can't bring an action until that conviction is set aside. So applying Oregon's statute of ultimate repose in this case and in others would mean that any conviction that is wrongful and is established as being wrongful for more than 10 years after the obtaining of the conviction would survive by virtue of the statute of ultimate repose. Your causes of action were negligence, malicious prosecution, was it false arrest? Were there other torts? Yes, Judge. In addition to the constitutional claims under the Fourth Amendment and the Fourteenth Amendment, the other claims are negligence, false arrest, false imprisonment, negligence, legal negligence, and then, of course, the associational rights. Here's what I'm getting at. I'm looking at the statute of repose, 12.115, with the heading negligent injury to person or property. In no event shall any action for negligent injury to person or property be commenced more than 10 years. I'm not clear why this would apply to anything other than negligence. Is there an answer to that? I don't believe it should. I certainly don't believe under the Supremacy Clause, heck, this Court's decision on that. I mean, forget the Supreme Court, forget the Supremacy Clause. I mean, if you bring an intentional tort claim, it doesn't seem to be covered by the negligent injury statute of repose. If it were assault and battery, it wouldn't seem to be covered under the negligent injury statute. As I stand here, I don't know for sure the answer to that. Certainly reading the statute and the terms of the statute, it sounds that way. It's possible that the Oregon appellate courts have interpreted it more broadly than that. And so that's why it's important in this case that that statute of ultimate repose, first of all, we contend that it didn't start to run until conviction. So that's the first issue. But the second issue, it certainly should never trump 1983. It's the other way around. Because there's a statute of limitations that deals with assault, battery, false imprisonment, and so forth. But the statute of repose seems to be limited to negligent claims. If I'm reading this right, I don't claim to be a maven on Oregon law. By its terms, that's correct. That's correct. And so again, then going back to this issue of whether the district court understood these issues, I believe by the citation to Wallace, which discussed in a very robust fashion, this isn't just some citation, but it's a reworking and a thorough discussion of, heck, Judge Smith. I think that this issue is squarely in front of the district court. Even if you reviewed the record and you did not think that our statements about at the earliest and the district court's citations to Wallace, even if you weren't convinced that that was adequate to bring these matters fairly to the district court's attention, then we have this court just two weeks ago in the Hill v. City of Los Angeles case that we cited in our supplemental memo last week saying, under similar circumstances where a gentleman had been wrongfully imprisoned for a period of years, that in order to avoid a manifest injustice, it's appropriate to consider these things. Defendants, they didn't argue Wallace in their briefing in this court. Defendants have pointed to nothing that they would have said to the district court that would be any different, any facts they could have developed. Of course, well, it was a 12b-6 motion and a summary judgment motion based essentially on the court's prior ruling on 12b-6. So when the defendants have argued, as they have in the response briefs in this case, that somehow they were prejudiced by not being able to fully brief the issues surrounding Heck v. Humphrey in the district court, that's just not accurate because there wouldn't have been anything they could have said. It's clear from Heck that 1983 doesn't arise until you've got that wrongful conviction set aside, and that was until September 09. Your claim against the estate of the lawyer is a negligence claim, right? It is. And that arguably would be covered by the statute of repose that covers negligence claims unless there's some way you can weasel out of that, right? Well, I hope I'm not trying to weasel too hard when I say, you know, jury verdict is within the 10 years. Sentencing is within the 10 years. Obviously, trial counsel continued through sentencing to represent. So there's this doctrine of continuous relationship that could pull your fat out of the fire on that one, more or less, right? But that's an open question of Oregon law, whether that would apply in the attorney-client kind of context. Is that true? I don't know that it's open. Certainly the Josephs case, which trial counsel's counsel in this court has worked hard to try to distance themselves from, the Josephs case certainly suggests that a continuing relationship. That was a doctor-patient case? Is that the one? It talks about the doctor-patient relationship. I don't believe Josephs itself was a doctor-patient case. I think it was a different type of relationship. Do we have an Oregon case that deals with this factual context? Not specifically that I've been able to find, no. Okay. What I'm leading up to is, is there some reason we shouldn't certify this question to the Oregon Supreme Court about whether these facts would fall within or without the Oregon statute of repose? I don't think it's necessary to certify this question simply, again, because this relationship continued through verdict and through sentencing. And so even if a negligent act might have theoretically occurred outside the 10 years prior to filings, there's no factual dispute that that key relationship continued through verdict and through sentencing. But your caution for negligence is based on negligence act. True. And you've conceded the negligent act presumably occurred outside the 10 years. It had to happen before the case went to the jury. So the fact the jury came back later, I'm not sure how that speaks to a statute of repose. That's true, Judge. But the only thing I would say on that is that verdict is part and parcel of that negligent act. It's not just a damage that flows from the negligent act. It's an element of the legal negligence under Oregon law and federal law. Without that adverse verdict, there's no claim. Without that conviction, there's no claim. And, in fact, until that conviction is set aside. Well, there's no injury, but the negligent act didn't happen the day the jury came back. That's when the injury occurred. True enough. True enough. Let me ask you another question. Did you ever allege or present this active continuance relationship exception to the district court? We certainly argued and I'll look. I mean, I looked all over and I couldn't find it. It didn't seem to me that that was ever given to the district court to deal with. And I wondered why, then, it's given to me. Again, Judge, the allegation, the argument to the district court was that there was a relationship that led through. But nothing about active continuance. It was all about a negligent act. That's all we talked about. It's true. You don't see that phrase active continuance, but there was briefing in the response to the Morrow motion to dismiss that included statements about the verdict and the sentencing and there being a relationship up until that point. Certainly, Joseph's in that phrase was not used. And the only other thing I want to say before I sit down here first is Baker v. City of Lakeside takes care of the tort claims arguments. It's clear that commencement relates back to the day of filing under Baker v. City of Lakeside. Well, I guess I didn't think Baker was that good, but since you're sitting down, I won't ask you anything. I mean, my biggest problem about the whole deal is, as I read the statute, it says 180 days from the alleged loss or injury. As I read all the things that notice, the ways that notice can be given, there's none of them that suggest that we're going to elongate this from 180 days, and there's nothing in there that gives you any more, 60 more days in anything except relating to a statute that's not even in the complex with 30 dash, 30.275. That is the, if I may judge, that is the service statute, and that was the issue in Baker. Well, but just a minute, just a minute. You didn't answer my question. My question is, Oregon 30.2753, looking directly at it, talks about when notice is given, and it goes through A, B, C, D, and every one of those are with 180 days of the alleged loss or injury. The only way you're trying to get the statute that isn't even a part of this statute involved in it is by suggesting that somehow that statute relates to it, but I don't find that in the statutory complex of either. It goes up to two. It doesn't go off to some statutory complex otherwise. If I may judge, under A, B, C, and D is commencement of an action. This action was commenced within 180 days. You're not looking at the statute. You're not looking at it. It doesn't talk about commencement of an action except one time. That's only one time in the whole statute it talks about commencement. Okay, I'm looking at 30.275. Notice of claim shall be given within the following applicable period of time. And then it says within 180 days. Correct. And then it says notice of the claim required by this section is satisfied. Formal notice, actual notice, or commencement, but it doesn't go over to the statute you want me to go to. It says within the applicable time period provided in subsection 2, and that's back up there, 180 days. So in my view, the only thing I can get out of commencement of action, if at all, is you've got to have a summons or you can have a summons and a complaint, but it's got to be served within 180 days. Judge, if I may? Yeah. The statute says commencement. It does. Or as Chapter 12 and Baker v. City of Lakeside say, and well-established Oregon law has provided since the get-go, that if you file and then you serve within 60 days, then the date of commencement isn't what Baker says. Baker's not related to this particular situation at all. I'm trying to establish what it says in 30.275. In my book, Baker doesn't help me decide what commencement of an action means when that is always referencing back to 180 days. Why do you have to have formal notice of a claim in 180 days, actual notice of a claim within 180 days, payment of the claim within 180 days, but commencement 240 days? Why would I do that in reading this statute? Judge, I wish I had a better answer for you, but commencement means filing a lawsuit. And ORS Chapter 12 and Baker say that a lawsuit is commenced for purposes of ORS 30.275 or otherwise under Oregon law. It doesn't say anything about 275 in that statute. Baker v. City of Lakeside, though, discusses the interplay between the Oregon Tort Claims Act and the 60-day rule for filing and service. And what Baker says is it relates back to date of filing, so that if you serve within 60 days, your commencement date is the date on which the lawsuit was filed. It's the commencement date, and that's what puts it within the 180 days. Lawsuit was commenced here. It was filed within 180 days. ORS Chapter 12, ORS Chapter 30, and Baker v. City of Lakeside say that satisfies 30.275. You're way over your time. Let me see if there are any other questions. I think not.  Good morning. Good morning. May it please the Court, Carla Farrell for the State Defendants. Do you want me to address our? Well, first of all, tell me how you've divided up your time so we know how to set the clock. I'm going to take approximately 8 to 10 minutes. Okay. Do you want anything more exact? Well, we'll put 8 minutes on the clock, and we'll see where we go, who gets, how you, what happens with the rest of the time. Mr. LaGore will take approximately 2 minutes. Mr. LaGore gets 2. And the other 2, that doesn't really add up to 15. The other 2 will take a minute to 2 minutes each. I guess it depends on how much time I have left over. Gotcha. Okay. Before I get to our primary argument, I want to notify the Court that there's an argument, we need to withdraw our waiver argument with regard to the Section 1983 claims, in part because we never raised that claim in our motion to dismiss. We only moved to dismiss under the statute of ultimate repose with regard to non-Section 1983 claims. These were state law claims. And so as far as I can tell, it was never addressed in the court. As far as I can tell, there was no hearing. And I don't find anywhere in the record where we suggested that Section 1983 would be subject to the statute of ultimate repose. So it's not subject. You agree it's not subject, 1983 claims are not subject to the statute of ultimate repose. No, I don't. That's not my point. My point is we didn't raise it, so the fact that plaintiffs didn't respond shouldn't result in a waiver. You're willing to take advantage of the gift given you by the district court, but you can't complain about the fact that they didn't argue at the time. Exactly. And I didn't quite understand the significance of our motion to dismiss at the time of the briefing. It just kind of dawned on me as I was preparing for oral argument. So I want to make sure that that's clear. Why does the statute of repose apply to claims other than negligence claims? It looks like it's limited to negligence claims. And I – your question to Mr. Lafke was the first time I had really considered that issue, so I don't think I can answer it satisfactorily. Okay. I agree that the language appears to apply to negligence, and there are plenty of negligence issues here. Right. But the – I'm going to talk about statute of ultimate repose, and I'm going to talk about prosecutorial immunity. Okay. If you allow. And we are not aware of any case in which the statute of ultimate repose – any authoritative case in which the statute of ultimate repose has not been – has been unapplicable to Section 1983 claims. And it appears that the district court believed that Wallace said that it did apply. And Wallace really doesn't talk about statute of ultimate repose. But as a practical matter, there isn't any reason why it shouldn't. The accent issues arose prior to the end of the trial, and the 10-year period – No, they're not. So why should we assume that a – it's understood. The statute of limitation applies to 1983, but why should we assume the statute of repose does, particularly since it's obvious there are circumstances where it would entirely freeze out a plaintiff who would have a valid 1983 claim, but because of the passage of time has no opportunity to bring it? I agree there would be cases in which it would freeze a plaintiff out. This is not that case. Well, we can debate based on a number of days where the calendar falls here. There are arguments that it does or does not. But if you add a year to the calendar with all the same facts, then it's apparent that that plaintiff would have no opportunity at all to ever bring a claim. And why should we assume a Federal statutory cause of action would be excluded based upon the application of a State statute of repose? I think that you probably can't. Now, there are a lot of – there's a lot of case law where shorter time limitations have been tried to be imposed by State or local entities, and those shorter ones have been held to be – have been preempted because they don't allow enough time. This is a 10-year statute of repose. There's a lot more time involved. There's no – there's no accounting for tolling or the fact that you can't legally bring the action because of HECT, unlike other statutes, you know, like statute of limitations that have tolling doctrines. This is 10 years and you're out. Yes. And that's a – it's a practical rule of partly the aging of the evidence. Well, the State could adopt the rule, but now we're moving it to the Federal context. As you know, there are cases, as you just told us, there are cases where the Federal courts have said, well, that's too short. We're not going to apply a statute of limitations in a context where the plaintiff doesn't have enough time. A statute of repose could give a plaintiff zero time. It seems pretty apparent that if a short period of time is not enough, zero is probably not enough either. No. But that's the effect of applying a statute of repose. So in a context where we really don't have much authority saying a statute of repose should be applied to 1983, I have difficulty understanding what was apparently not your argument, the district court's assessment that it should be applied here. And I think it was because everybody was proceeding on the assumption that there was this 10-year limit. It's apparent that plaintiffs believed they had a 10-year limit because they filed on the date within the, you know, just barely within the 10 years that they thought was going to expire on the 28th of February. They filed on the 26th of February. So they were operating under that assumption that it applied. At least with respect to their negligence claims. Well, all of their claims were filed on that day. I don't know. I can't speculate as to whether they believed they were all required to be filed within that period of time. But, in fact, they did they could have met. I mean, the application of the statute of repose here would not deprive plaintiffs of a remedy. They had a remedy that they could have attained if they had filed sooner. They had time between the end of the year. And I understand that the way the calendar works here, there are arguably a few days either side of the line. But the concept of applying a statute of repose, you say we could change the facts slightly, add a year, and it's clear that plaintiff would have no shot whatsoever. And so that brings me back to the theoretical question. If for us to say, well, a statute of repose can be applied here because there were a few days for this plaintiff to file, what happens to the next case that comes along that's no chance for the plaintiff because the time period is too long? I think that the Court could find that it was — it deprived him of a remedy under Federal law and was preempted. But that's not what we have here. We don't have a deprivation of a Federal remedy. How long has to be allowed for it to be good? I'm not sure there's a guideline out there with regard to that. But let me say before I forget that the — our withdrawal of the waiver argument only applies to the State defendants. The defendants who were dismissed on summary judgment, the issue was before the plaintiffs at that time because the county defendants, for instance, relied on the district court's opinion in the dismissal order. So I want to make sure that we're not waiving — we're not withdrawing that for all defendants. Let me ask you a question that Judge Smith was exploring. It's true that the notice statute is satisfied by commencing an action within 180 days, right? Yes. What is commencing an act? What constitutes commencing an action? Well, commencing an action in Chapter 12, for purposes of the statutes of limitations, commencing an action is — No, this is the notice of claims statute, right? 30.275. Right. And I'm trying to — the word commencement has — may not have the same meaning in Chapter 30 as it does in Chapter 12. Okay. In Chapter 12, which plaintiffs are trying to incorporate. Where do we find the definition of commencement for Chapter 30 purposes? As far as I know, there is not one. Okay. That's getting to my question. Is that something we should certify? They say they filed a lawsuit within 180 days, which is one definition of commencement, I guess. And they said he served it within 60 days, which another case in another chapter permits. But there's no Oregon case that specifically deals with this. Is that right? I'm not aware of any. Okay. Yes. I think I'm going to move on to the prosecutorial immunity question with regard to Defendant Gerber, who was representing the state in the post-conviction action. The — there's nothing — even with regard to the case cited by plaintiffs, the Houston v. Partee, there's no reason for distinguishing a prosecutor from an attorney during post-conviction, even based on Houston. The reason that the attorney, the prosecutor in Houston, was an exception was that he was the prosecutor during the trial proceedings, but was not the attorney during post-conviction. And therefore, his actions during post-conviction were not immune. He was not immune for those actions because he wasn't acting as the prosecutor. This case is different. We have a different attorney who is representing the state in post-conviction, and it's her actions that are at issue. So Houston doesn't apply. And all the other cases suggest that — that are cited in our briefs suggest that this is the same kind of function that prosecutors are immune from. It's not the person. It's the — it's the function. And here, the function is representing the state, trying to defend the conviction. You used up your 10 minutes. I have. Yeah. Thank you. Thank you. Would you stop the clock, Estelle? We'll see who's up next. Mr. — Mr. LaGore? You're going to take — you're going to take two minutes? Two minutes, or hopefully less. Okay. Hang on. Let's get the clock. We'll get the clock organized here. Here we go. Oops. There you go. Mr. LaGore. Good morning. Stan LaGore. I'm representing the local law enforcement defendants, the city of Dallas, Polk County, and the various officers and deputies. We're slightly different procedurally. It was noted we filed a motion for summary judgment based on the court's — the trial court's earlier rulings on the motions to dismiss in terms of this statute of ultimate repose argument. And is there something here that you can get a hold of to support plaintiff's position? He was already through it one time by the time he got to us. We cited the district court opinion in the — in our motion, and nothing more was said. Now, I'm not sure that Wallace v. Cato really rescues him here. Certainly not for our — for our situation. I mean, that's a statute of limitations case. And what's a person to do if the — if the time's going by on a statute of limitations? But like you say, ultimate repose, statute of limitations, different issue. This was squarely, or should have been squarely brought to plaintiff's attention by the time that he was responding to our motion. And nothing more was said. Do you have any comment on the — do you have any comment on whether the statute of repose negligent injury to person or property is limited to negligent injury to person or property? No, frankly. I don't. I'd just be guessing and saying, well, should this be that? Should what? No. Okay. The district court ruled on it. Plaintiff did have a clear opportunity to respond and didn't. So nothing more was brought up. Fair answer. Okay. Thank you, Mr. LaGuardia. Who's — who's up next? Good morning. May it please the Court. Bruce Campbell representing the defendant, Michael Conradi. Mr. Conradi's role in the underlying criminal proceeding was to testify as an expert witness for the prosecution. The claims against Mr. Conradi are based on his testimony, as well as the acts leading up to his testimony. As a consequence, his actions are shielded by the doctrine of absolute immunity. Federal courts, including the Ninth Circuit — the Ninth Circuit give witnesses absolute immunity based on their testimony in a judicial proceeding. This immunity extends to the acts leading up to the testimony. In this Court's word, it shields acts that are inextricably intertwined with the testimony. And that's precisely the case that we have here. If you look at — I believe it's paragraph 20 of the first amended complaint, the allegations are that Mr. Conradi's lead analysis methodology and his resulting testimony led to the conviction of Mr. Cannon. And that's — as we've pointed out in the cases cited in our brief, I think it's Payne, Franklin, Urbina, and the Sippin decisions all support application of the doctrine of absolute immunity under the facts presented here. The plaintiff has not even addressed those cases in their briefing. All they have cited is a Fifth Circuit case in which the Court — it's called Keiko — in which the Court refused to extend absolute immunity to a testifying doctor who had also participated in the underlying criminal investigation. And that's a point of differentiation. That doctor did much more than just preparing to testify and testify. But Mr. Conradi's acts were all testimonial in nature, and therefore he's subject or is shielded by absolute immunity. And so we would ask that the Court affirm the district court's judgment as against Michael Conradi. Thank you, Mr. Campbell. Hey, police of court Jay Beatty appearing on behalf of the estate of Kenneth Morrow. As you know, Mr. Morrow was plaintiff's trial counsel in the underlying criminal proceeding. Mr. Morrow brought a 12B6 motion against the malpractice claim against him based expressly on the statute of ultimate repose. So that issue was teed up expressly in our 12B6 motion. In response to that motion, there was no tolling argument raised. That argument was not raised in the district court, and it's necessarily waived. Even in the city of Los Angeles case, it's incited as supplemental authority. The Court has made clear that you have to show two things for this Court to review unpreserved error, and that is, one, exceptional circumstances and manifest injustice. Exceptional circumstances typically mean that there was some reason why an issue could not have been raised in the district court, or there is at least some evidence of a reason why it was not raised in the district court. And here, we don't know why it wasn't raised in the district court, and no excuse has been made when a statute of ultimate repose argument is raised, a defense is raised, the natural matter and avoidance of that defense is to raise tolling. It wasn't raised in this case, and it's waived. Also, I just want to speak briefly about the Joseph v. Burns and Bear case, an Oregon case that presupposes a rule that there may be some equitable tolling or other doctrine that may extend the statute of ultimate repose. That rule never really matured into a true rule. It has never been applied by any Oregon case. There is not a single reported decision where a court has said that based on the existence of a special relationship of some sort, we're going to extend the statute of ultimate repose, which in 12.115 is very express. It says, under no circumstances can a claim be brought more than 10 years after the negligent acts that caused plaintiff's injuries. That statute is expressed under current Oregon case law of statutory construction, it would be given effect. To the extent that Joseph v. Burns and Bear express some sort of equitable or other tolling rule, that's clearly not Oregon law as it now exists. If there's any questions from the Court, I'd be happy to answer them. Thank you, Mr. Baby. Thank you. Mr. Lefke, I believe you used up all your time. So unless there's something pressing, we'll just say good morning to you and to counsel for Rapalese. The case just argued is submitted. Thank you. The last case today is 11-35664, Titus v. Burrell. I hope I'm pronouncing that properly.
judges: Silverman, Clifton, Smith